## J. B. WATKINS v. GUY W. JUNKER.

### Decided April 12, 1897.

1. Damages—Interest As.

Compensation for the detention of that which is due on account of injury inflicted is an element of damages necessary to complete indemnity of the injured party; and the courts have, by analogy, adopted the legal rate of interest fixed by statute, as the standard by which to be governed in assessing damages for the detention of money. (Pp. 586, 587.)

2. Same—Instructing Jury to Allow.

Whether the case is such that the law makes interest applicable as an element of damages is a question of fact for the jury; but whether or not it is to be allowed, if the facts exist, is a question of law, on which the court should instruct the jury. (P. 588.)

3. Same—Change in Statute.

It was error to instruct the jury to allow interest at eight per cent as a part of the damages for detaining money, when, by a change in the statute, legal interest was fixed at a less rate during a portion of the time for which it was directed to be allowed. (Act of July 11, 1892.) (P. 588.)

4. Practice in Supreme Court.

When a judgment is reversed in the Supreme Court on a point arising upon the assignments of error, but not specifically presented in the court below, plaintiff in error should pay all costs. (P. 588.)

ERROR to Court of Civil Appeals, Fourth District, in an appeal from Jefferson County.

The suit was brought by Watkins against Junker, who reconvened for damages. In the first trial both plaintiff's claim and the reconvention were disallowed and plaintiff appealed and secured a reversal. (19 S. W. Rep., 391.) There was a second trial and judgment, which was reversed,

on appeal by plaintiff. (4 Texas Civ. App., 629.) From a third judgment, in which defendant recovered damages in reconvention in excess of the amount of plaintiff's claim, the latter appealed, and, on affirmance of the judgment by the Court of Civil Appeals (38 S. W. Rep., 1129), obtained writ of error.

*Greer & Greer,* and *W. H. Ford,* for plaintiff in error.—Both the District Court and the Court of Civil Appeals have erred in sustaining appellee's special exception to the plea of appellant in bar of appellee's plea in reconvention; in that, upon the first appeal of this cause, as shown by the judgment appealed from and set up in appellant's plea in bar, the same contained the following recital, to-wit: "That the defendant (appellee) take nothing by his plea in reconvention and go hence without day," and the appellant alone appealed from said judgment, the appellee not appealing therefrom by filing bond or cross-assignment of errors, and thereby the said judgment, as to said plea in reconvention became, was, and is conclusive upon said appellee, and the reversal of the judgment in plaintiff's behalf did not have the effect to reopen, revise and reverse said judgment as to the appellee's said plea in reconvention. Kempner v. Huddlestone, 37 S. W. Rep., 1066.

The measure of damages in this State, for breach of contract, is the profits the alleged injured party could have made, after deducting all expense connected therewith had the contract been carried out. Railway v. Shirley, 45 Texas, 355; Railway v. Hill, 63 Texas, 384; Cates v. Sparkman, 73 Texas, 623; Express Co. v. Darnell, 62 Texas, 639; Masterson v. Mayor of Brooklyn, 7 Hill (N. Y.), 61; 1 Sedgwick, Meas. Dam., 34, note A.

The verdict and judgment of the District Court are unsupported by and contrary to the uncontroverted testimony in these respects: The testimony showed that defendant was apprised of the fact that Thompson had no authority to rent appellee the dredge boats; and for the same reason the affirmance of such judgment by the Court of Civil Appeals is contrary to the established facts. Machinery Co. v. Peter & Sherrill, 84 Texas, 627; 1 Am. & Eng. Encycl. Law (2nd ed.), 930.

As a matter of law, interest cannot be allowed on unliquidated damages for breach of contract, where neither money nor property is withheld from the alleged injured party; and in this case the allowance of interest to the appellee is inconsistent with and contradictory of that part of the verdict allowing interest to appellant. Heidenheimer v. Ellis, 67 Texas, 428; Railway v. Muldrow, 54 Texas, 233; Railway v. Ferguson, 1 White & W. C. C., sec. 1254; Sedgwick on Dam. (6th ed.), 466.

*O'Brien & O'Brien,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—Watkins sued Junker to recover a demand for $620.98, alleged to be due for the services and the rental of certain boats. Junker pleaded in reconvention for damages resulting

from a failure to furnish certain dredge boats under a contract between the parties.

There have been several trials of the case, and once it was appealed to the Supreme Court before the organization of the Courts of Civil Appeals, and by the Supreme Court reversed; after which it was again tried and appealed ·to the Court of Civil Appeals, which reversed the case again. Upon the third trial the defendant below recovered of Watkins the sum of $3262.52, less $1013.08, the amount of the claim and interest sued for by the plaintiff in the case, leaving the balance in favor of the plaintiff on his plea in reconvention $2249.44. The plaintiff in error has assigned a number of grounds in his application, upon which he com-- plains of the judgment of the District Court and Court of Civil Appeals,. but we deem it unnecessary to notice any of them except that one which calls in question the correctness of the charge of the court wherein the· jury was instructed to allow interest at eight per cent upon the damages. which they might find in favor of the defendant upon his plea in reconvention.

The facts found by the Court of Civil Appeals, and which are sufficient to understand the questions to be discussed, are as follows: "We conclude that the facts show that appellee had entered into a contract with the Federal Government to perform certain services at Calcasieu Pass; that to perform the labor contracted to be performed required at a certain stage in the work the use of dredge boats; that appellee before entering upon the work entered into a contract with appellant, which required appellant on ten days notice to furnish the necessary dredge boats. Relying upon the promise of appellant, through his agent Thompson, appellee entered upon the work and after proceeding until it was about time to use the dredge boats, appellee applied to appellants· for the dredge boats, which he failed and refused to furnish. Appellee used every endeavor to obtain other dredge boats but failed to get them. That by reason of the failure of appellant to furnish the dredge boats, appellee lost all that he had expended on two revetments, the government refusing to pay him anything for the work because he could not complete his contract. Appellant knew that the dredge boats were indispensable to enable appellee to finish his contract. Appellee was damaged in the amount found by the jury after deducting the amount due appellant by appellee."

It is objected in this case that interest is a creature of the statute and cannot be allowed upon unliquidated damages. It is true that interest, strictly speaking, exists only by statutory law; but it is likewise true that courts have recognized the fact that compensation for detention of that which is due on account of injury inflicted is an element of damages necessary to the complete indemnity of the injured party and the courts have, by analogy, adopted the legal rate of interest fixed by statute as the· standard by which to be governed in assessing damages for the detention of money.

In the case of Heidenheimer & Co. v. Ellis, 67 Texas, on page 428, the·

court said: "It is frequently said, in the decisions of the courts, that interest is the creature of the statute.   In a certain sense this is true, but as applied to one class of cases the phrase is misleading.   Interest cannot be allowed eo nomine unless expressly provided for by statute, but in many instances it may be assessed as damages when necessary to indemnify the party for an injury inflicted by his adversary, though the statute be silent upon the subject." It may not be technically correct to call this compensation interest, but that is a term so familiar that it is perhaps the most expressive and intelligible that could be used to inform the jury what the rights of the parties are.   At any rate, the use of the word does not constitute error for which a judgment would be reversed.

Interest as damages may be allowed upon unliquidated demands whether they arise out of a breach of contract or out of a tort.   (Sedgwick on Damages, vol. 1, section 320.) Interest, however, cannot be allowed upon damages arising from assault and battery, libel and slander, seduction, false imprisonment, nor for personal injuries and the like. (Sedgwick on Damages, sec. 320; Railway Company v. Young, 81 Ga., 397; Railway Company v. Sears, 66 Ga., 499.) The reason why interest cannot be given in the class of cases last mentioned is, that the measure of damages is not fixed at any particular time, but the right of recovery may be greater or less at the time of trial than it would have been at the time the injury was inflicted; for example, in a case of personal injury the party injured would be entitled to recover for the loss of time occasioned by the injury up to the time of trial as well as to compensation for all physical pain and mental anguish endured, and also for such as might probably arise from the injury in the future.   Besides, in such cases the jury is allowed a latitude in determining the amount of recovery which renders it too uncertain to be the basis for the allowance of interest.

It has been generally held by the courts that the jury may allow interest upon damages arising out of the breach of a contract made by a carrier for the carriage and delivery of goods.   (H. & T. C. Ry. Co. v. Jackson, 62 Texas, 209; Wolfe v. Lacy, 30 Texas, 351; Robertson v. Transportation Co., 45 Iowa, 470.) Also upon damages arising from the breach of a contract for the sale and delivery of specific articles and for the breach of a contract of warranty of personal property. (Stoudenmeier v. Williamson, 29 Ala., 568; Dana v. Fielder, 12 N. Y., 51.) Interest is likewise allowable upon damages to property or for the destruction of property caused by the negligence or wrongful act of another. (Railway Co. v. Tankersly, 63 Texas, 57; G. C. & S. F. Ry. Co. v. Holliday, 65 Texas, 520; Railway Co. v. Greathouse, 82 Texas, 104.)

In the greater number of cases it has been said that interest may be given by the jury in their discretion upon the damages assessed when the character of case is such as to allow of interest; and in some cases it has been held to be error to instruct the jury to allow interest upon damages assessed by them, although it would have been correct for the court to inform the jury that they might allow such interest in their discretion.

(Close v. Fields, 13 Texas, 623.) If interest be properly an element of damages in any case, then it is so as a matter of law. Whether the case is such that the law makes it applicable is a question of fact for the jury, but whether or not it is to be allowed if the facts exist is a question of law that should not be left to the jury. We think that it is an inconsistency to say that a right exists which a jury may or may not enforce as they may deem proper, and we believe that practically the courts have come to the proposition that in all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him. It being a legal right to receive compensation for the injury inflicted by detaining that to which the party is entitled, it is the duty of the court to instruct the jury under what state of facts they should allow such compensation. If one takes possession of the horse of another and withholds it from the owner, compensation for the value of the use of the horse during the time is a legal right and no court would hesitate to instruct the jury to so find, and we can see no difference between the right to be compensated for detaining a horse worth $100 and the right to be compensated for the detention of $100, the value of the horse, in case he was killed or converted to the use of the taker.

It was not error for the court to charge the jury to find interest for Junker upon any sum found to be due to him, but there is error in the charge in instructing the jury to find interest at eight per cent for the whole time. When the breach of contract occurred the legal rate of interest in this State was eight per cent, but that rate was changed to six per cent by a law which took effect July 11, 1892, and we are of opinion that the rate in force at the breach of contract did not attach to the right of recovery but the rate fixed by law should be applied while in force. Junker was entitled to interest at eight per cent up to July 11, 1892, and after that date to six per cent.

It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and that judgment here be rendered in favor of Guy W. Junker against J. B. Watkins for the sum of $2000, with interest thereon from the first day of January, 1888, until the 11th day of July, 1892, at eight per cent; and with six per cent on the said $2000 from that date until the date of this judgment; less the sum of $620.98 with interest thereon at eight per cent from the first day of January, 1888, until the present date. The point upon which we reverse the judgments of the District Court and Court of Civil Appeals arises upon the assignment of error, but was not specifically presented in either court; we therefore think that the plaintiff in error should pay costs in all the courts and it is so ordered.

*Reversed and rendered.*