TIMES PUB. CO. v. ROOD.†

(Court of Civil Appeals of Texas. El Paso. Feb. 12, 1914. Rehearing Denied March 5, 1914.)

1. APPEAL AND ERROR (§ 1001*)—REVIEW—CONCLUSIVENESS OF FINDINGS.

The finding of the jury that the contract was breached, with evidence to support it, is conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

2. APPEAL AND ERROR (§ 730*)—ASSIGNMENTS OF ERROR—SUFFICIENCY OF PROPOSITION.

Under rule 30 for Courts of Civil Appeals (142 S. W. xiii), an assignment submitted as a proposition, to the effect that the court erred in giving a special charge requested, therewith set out, was insufficient for failure to disclose the reason why the charge was erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3013–3016; Dec. Dig. § 730.*]

3. DAMAGES (§ 68*)—BREACH OF CONTRACT—INTEREST.

In a publisher's action for an amount due on a contract, with a cross-action alleging breach, and, claiming in reconvention for damages and interest thereon, defendant was entitled to interest from the date of the breach, though the court, in submitting the measure of damages, made no mention of interest.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 141–143; Dec. Dig. § 68.*]

Appeal from District Court, El Paso County; A. M. Walthall, Judge.

Action by the Times Publishing Company against Elmer S. Rood, with cross-action and claim in reconvention for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

Coldwell & Sweeney, of El Paso, for appellant. Patterson, Wallace & Gardner, of El Paso, for appellee.

HIGGINS, J. On December 9, 1908, the Times Publishing Company granted for a period of two years to Elmer S. Rood the exclusive privilege of circulating and distributing the El Paso Morning Times, a daily newspaper, in El Paso and vicinity, agreeing to furnish such copies as he might order each day, charging one cent each for same. The company was to further furnish each day, free of charge, a number of copies of the paper, equal to 5 per cent. of the number of copies charged to him. Payment for the paper was to be made on the 10th of each month, and it was provided that failure to pay for papers ordered, or to otherwise fulfill the conditions of the contract, would be sufficient to abrogate the same at the pleasure of the company.

This suit was brought by the company to recover the sum of $2,034.08, a balance alleged to be due by Rood for papers furnished under the contract. By cross-action Rood alleged a breach of the contract by appellant on February 26, 1910, and in reconvention sought recovery of damages alleged to have been sustained by him by reason of such breach, and also for certain other sums alleged to be due under the contract. Upon trial, verdict was returned, and judgment rendered in favor of Rood in the sum of $1,500, and the company has prosecuted this appeal therefrom.

[1] Under the first assignment it is contended the overwhelming weight and preponderance of the evidence shows that the contract was not breached as by appellee alleged, but that by mutual consent the same was abrogated, and this court is asked to reverse the judgment because of the insufficiency of the evidence to support same in the particular noted. Whether or not it was so abrogated was a question of fact for the determination of the jury. The issue was resolved against appellants, and the testimony of appellee supports their finding. The assignment must therefore be overruled.

The second and third assignments relate, also, to the sufficiency of the evidence, and are likewise without merit, as the finding of the jury is not without evidence to support it. The Constitution and laws of this state have intrusted the decision of questions of fact to juries trying causes, and it is not within the province of the appellate courts to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

† Writ of error pending in Supreme Court.

disregard or lightly set aside their findings. The evidence here is not such as to authorize this court to overturn the verdict.

[2] The fourth assignment, submitted as a proposition, reads: "The court erred in giving special charge No. 2, asked by defendant, which is as follows: 'At the request of defendant you are instructed that, in arriving at whether or not defendant was indebted to plaintiff on the 26th day of February, 1910, you will take into consideration the amount of money paid by defendant for cards, stationery, etc., as well as such sum if any, as defendant may have paid plaintiff after July, 1909, on the 5 per cent. cut back, as that issue, if any, has been submitted to you in the main charge.'"

As a proposition it is insufficient. Railway Co. v. Nelson, 139 S. W. 81. It does not disclose the point or reason why it is contended the giving of the special charge was error. Rule 30 (142 S. W. xiii). We are left to conjecture and surmise to determine such reason. Because unsupported by proposition as required by the rules, the assignment is not considered.

[3] The verdict in the case was returned on February 26, 1913, and was in the sum of $1,500. Judgment for that amount was rendered, with interest from February 27, 1910, upon theory that interest should be allowed from date the contract was breached by appellant. The petition prayed for recovery of interest. The court in its charge made no mention of interest in laying down the measure of damage. The undisputed facts disclose that the items of Rood's damage had accrued on and prior to February 26, 1910. It is contended that the court had no authority to allow interest from date last mentioned, as the jury in its verdict had not allowed same. The charge of the court was faulty in not instructing the jury to allow interest from February 26, 1910. The jury having found that Rood was entitled to recover the sum of $1,500 on account of the various items set up in reconvention, he was likewise entitled, as a matter of law, to recover interest thereon from the date of injury, to the end that he might be fully compensated. The date of his injury was not in controversy, and, in allowing interest from the date mentioned, the court only allowed that to which he was indisputably entitled.

The verdict of the jury and uncontroverted facts rendered proper the allowance of this interest, as a matter of law. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Barron v. Bank, 138 S. W. 142; Mallory v. Bahn, etc., 154 S. W. 282; Railway Co. v. Jackson, 62 Tex. 209; Steger v. Barrett, 124 S. W. 175; Railway Co. v. West, 149 S. W. 206.

Affirmed.

Chief Justice HARPER did not sit in this case.