TEXAS & NEW ORLEANS RAILROAD COMPANY V. DINGFELDER & BALISH, INCORPORATED.

No. 7420. Decided December 6, 1939.
(133 S. W., 2d Series, 967.)

*John C. North,* of Corpus Christi, for plaintiff in error.

Plaintiff having sued all the carriers and his proof absolves the initial carrier from any and all damages and liability, and establishes the damage he has sustained against the connecting carrier, his suit is clearly one against each carrier for the damages sustained by it. San Antonio So. Ry. Co. v. Burd, 246 S. W. 1060.

It was error for the court to hold that the shipper could recover interest on the amount of its damages where the instruction to the jury did not instruct them that they could consider interest in determining such damages. Norris v. Lancaster, 280 S. W. 574.

*Ward & Brown,* of Corpus Christi, for defendant in error.

Subsequent carriers under a through bill of landing are but agents of the initial carrier, who is liable for his own and connecting carriers' negligence. Atlantic C. L. R. Co. v. Riverside Mills 219 U. S. 186; Galveston Wharf Co. v. American Grocery Co., 122 Texas 1, 36 S. W. (2d) 985, 285 U. S. 127.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In May, 1935, the defendant in error, Dingfelder & Balish, a corporation, delivered to the Texas & New Orleans Railroad Company, at Floresville and Poth, Texas, twenty-nine carloads of onions for transportation to New York. The onions were carried by the railroad company to Galveston where same were turned over by the railroad company to the Southern Pacific

Company (who operates Southern Pacific Steamship Lines) for further transportation to desitination—the City of New York. The onions were in good condition when shipped and when same were turned over by the railroad company to the .Southern Pacific Company at Galveston; but upon their arrival at New York they were in a damaged condition, which resulted from the negligence of the Southern Pacific Company. The case was tried before a jury on special issues, resulting in a judgment in favor of the defendant in error for $8332.50 damages against the railroad company and the Southern Pacific Company, jointly and severally. The railroad company alone prosecuted an appeal to the Court of Civil Appeals at San Antonio, and the judgment of the trial court was affirmed. 114 S. W. (2d) 666. The railroad company has been granted the writ of error.

■■ The railroad company contends that because the damage to the onions resulted from the negligence of the Southern Pacific Company, and the defendant in error has chosen to sue that company, the trial court erred in rendering judgment against the railroad company for any amount. The contention is overruled. This was an interstate shipment, and the railroad company was the initial carrier. By virtue of the Act of Congress known as the Cummins Amendment (49 U. S. C. A. Sec. 20, par. 11) the railroad company, being the initial carrier, is liable to the defendant in error for the damage to the onions, regardless of the fact that such damage resulted solely from the negligence of the connecting carrier, the Southern Pacific Company. Galveston H. & S. A. Ry. Co. v. Wallace, 223 U. S. 481; Atlantic Coast Line Ry. Co. v. Riverside Mills, 219 U. S. 186. Furthermore, the statutory liability of the railroad company to the defendant in error is not affected either by the fact that the Southern Pacific Company was sued in this same suit on its common law liability or by the fact that the defendant in error recovered judgment against the latter. Burd v. San Antonio Southern Ry. Co., 261 S. W. 1021.

■ The other ground of complaint presented in the application goes to the action of the trial court in rendering judgment against the railroad company for an amount of damages greater than the amount found by the jury. The situation to which this complaint relates, as same is disclosed by the record before us, is this:—

As said, the case was tried before a jury on special issues. Preliminary to and in connection with the special issues which the trial court submitted to the jury, the court charged the

jury, among other preliminary charges not presently material, in the following words:—

"The measure of damages in this case is the difference between the market value of the onions on May 27, 1935, in New York, New York, in the condition in which they should have arrived at destination and the market value then and there in the condition in which, by reason of the negligence of the carrier, they did arrive."

The question as to the amount of damages was submitted to the jury in these words:—

"What amount of money, if any, do you find will compensate plaintiff for the damage involved in this controversy, caused by the negligence of the defendant Texas & New Orleans Railroad Company, and its connecting carriers, or either of them?"

The jury answered: "$7500.00."

After the verdict was returned by the jury, the trial court rendered judgment for the plaintiff for $8322.50. The railroad company complains of the amount of the judgment to the extent that same exceeds the sum of $7500.00,—the amount of damages found by the jury. The amount of such excess is for interest on said sum of $7500.00, at the rate of six per cent per annum from the date of accrual of the plaintiff's cause of action to the date of judgment. The question thus raised is ruled by the decision of this court in Ewing v. Foley, 115 Texas 222. In this case, as in that case, the prayer in the plaintiff's petition is for damages "with interest." In all other material respects the situation in this case is essentially the same as in that case. In this case, the question of amount of damages which was submitted to the jury, as qualified by the measure of damages given in the court's charge, excluded interest from consideration by the jury. In other words, the only fact question pertaining to the amount of damages recoverable by the defendant in error, and upon which the recovery of interest depended, was submitted to the jury for determination. Since no fact question arose from the evidence in respect to interest on the amount found by the jury being recoverable, there was no occasion for the submission of the matter of interest to the jury. For the same reason, the charge on the measure of damage was not open to objection on the ground that interest was omitted therefrom. The determination of the amount of this item of damage was a law question for the court, and therefore said amount was properly included in the judgment. Any

decision in conflict with the views here expressed is. overruled.

The judgment of the trial court and that of the Court of Civil Appeals affirming same are affirmed.

Opinion adopted by the Supreme Court December 6, 1939.