**Yale V. CLARK, d/b/a Allstate Moving & Storage Company, Appellant,**

v.

**Bessie E. NIPPER, Appellee.**

No. 7048.

Court of Civil Appeals of Texas.

Texarkana.

July 15, 1958.

Rehearing Denied July 29, 1958.

David C. McCord, Dallas, for appellant.

Yarborough, Yarborough & Johnson, Dallas, for appellee.

DAVIS, Justice.

Appellee-plaintiff sued appellant-defendant for damages to household furniture and attorney's fee. The damages were alleged to have occurred as the result of the negligence of appellant while the furniture was being transferred from Dallas to Wichita Falls, Texas. Appellant answered by special exception to the allegation for attorney's fees and a general denial to the allegation for damages. Trial was to the court, without a jury. Judgment was rendered for appellee for the sum of $405 damages to the furniture with interest thereon at the rate of 6% per annum from the date the damages occurred. Attorney's fee was denied. Appellant has perfected his appeal and brings forward three points of error.

By Point 1, appellant complains of the action of the trial court in render-

**440**

ing judgment for appellee for the sum of $405 and refusing to consider a written contract between appellant and appellee executed prior to the shipment of the furniture, which limited liability of the carrier to 30¢ per pound for the cargo damaged or destroyed. The contract and testimony were offered in evidence to show the limitation contained in the contract and to attempt to show the weight of the furniture shipped. The contract and testimony were admitted over the timely objection of appellee. Appellee challenges this point on two grounds. First, there was no pleading to support any evidence of a contract for limitation of liability; and, second, Article 883, Vernon's Ann.Civ.St., prohibits a common carrier from contracting away its common-law liability. The counter points are well taken, and must be sustained. Rule 94, Texas Rules of Civil Procedure, requires such limitation to be pleaded. Reid v. Associated Employers Lloyds, Tex.Civ.App., 164 S.W. 2d 584, w/r; Camden Fire Ins. Ass'n v. Moore, Tex.Civ.App., 206 S.W.2d 104, w/r, n. r. e.; 8 Tex.Jur. 550, Sec. 384, and authorities therein cited.

The limitation placed in the contract is so out of proportion to the value of household furniture, as a matter of common knowledge, as to be in violation of Article 883, supra. See the Article and authorities annotated thereunder; and, Rogers v. Crespi & Co., Tex.Civ.App., 259 S.W.2d 928, N.W.H.; 8 Tex.Jur. 317–8, Sec. 212 and authorities therein cited. Appellant's Point 1 is overruled.

Appellant's Point 2 is without merit and is respectfully overruled.

By Point 3, appellant complains of the action of the court for rendering judgment for interest at the rate of 6% from the date the damage accrued. The damages were determinable as of the date the trial court fixed for the interest to begin and the date and interest were correctly fixed and interest was properly charged. The Texas Co. v. State of Texas, 154 Tex. 494, 281 S.W.2d 83, citing with approval, Watkins

v. Junker, 90 Tex. 584, 40 S.W. 11. See also Dale Truck Line v. R. & M. Well Servicing & Drilling Co., Tex.Civ.App., 286 S.W.2d 446, w/r. The point is overruled.

Finding no error in the record, the judgment of the trial court is affirmed.