Robert L. TORRANS and E. A. Stewart Lumber Co. Inc., Appellants,

v.

TRI–STATE IRON AND METAL COMPANY, Appellee.

No. 7592.

Court of Civil Appeals of Texas.

Texarkana.

July 28, 1964.

Rehearing Denied Aug. 25, 1964.

Arnold & Arnold, Texarkana, Ark., Raffaelli & Keeney, Texarkana, Tex., for appellants.

Harkness & Friedman, Texarkana, Tex., for appellee.

CHADICK, Chief Justice.

This action was instituted as a suit authorized by Art. 2524–1, Vernon's Ann.Tex. Civ.St., the Uniform Declaratory Judgments Act. The judgment of the trial court declaring the parties' rights and awarding damages is affirmed as modified.

The pleadings do not figure in the determination of any question so only the general factual foundation of the action will be summarized. E. A. Stewart Lumber Company, Inc., as plaintiff in the trial court, instituted the suit, naming Robert L. Torrans and Tri-State Iron and Metal Company, a corporation, as defendants. In April, 1962, the lumber company contracted to sell a parcel of the land and certain improvements thereon to Torrans, but reserved the right to remove from the premises a steam boiler installation. In the contract the lumber company agreed to repair any damage done through negligence or fault of it or its as-

signs in dismantling the installation. In May, 1962, the lumber company sold the boiler installation to Tri-State Metal Company. In the contract evidencing this sale, Tri-State agreed " * * * to live up to and perform the obligation of E. A. Stewart Lumber Company, Inc., and Robert L. Torrans insofar as the same are applicable to the removal of the items purchased by the purchaser and to hold the seller hereunder harmless from the same". The following October during the dismantling operation a boiler plunged through a wall of the building housing it and the building collapsed.

At the culmination of a non-jury trial, judgment was entered, which, in declaring the rights of the parties, adjudged that Torrans recover from the lumber company $1750.00 as damages for the destruction of the building, granting, however, to the lumber company judgment over for a like sum against Tri-State. No interest by way of damages, or otherwise, on the money award was allowed for the period of time prior to judgment. Mr. Torrans has perfected an appeal, as has the lumber company, but the latter's purpose is only to preserve its position and right to judgment against Tri-State for an equal amount should Torrans be successful in securing in this appeal an increased judgment.

Appellant Torrans has grouped and briefs together his seven points of error. The brief states that the sole question in controversy is the amount of damages due him, though some of his points allude to the presence of other issues; it is patent, however, that Torrans' prime objective is to establish that the trial court erred by failing to fix damages to his building in the sum of $5,250.00, or alternately $5,000.00.

At the trial Torrans offered as a witness an appraiser who testified the building and the tract upon which it was located had a market value of $150,000.00 immediately before damage to it, and a market value of $144,750.00 immediately afterwards. Mr. Torrans as a witness in his own behalf placed a market value of $140,000.00 upon

the property immediately before damage and $135,000.00 immediately afterwards. In addition Torrans proffered the testimony of his appraisal witness to show the building's value just prior to destruction reached by a different appraisal technique. The method the witness used involved the multiplication of the square footage of the building's floor space by a square foot rental value modified to allow for vacancy to find the gross annual rent the building would produce. From this gross rental he deducted the cost of taxes, insurance, management, deferred maintenance and repairs, and six per cent per annum of the value of the land accommodating the building. Such calculations produced the building's net annual rental income. The net income for the useful life of the building capitalized at 6%, according to this witness, showed the building to have a value of $5,250.00 at the time of destruction.

On the basis of the value evidence sketched above, Torrans' brief insists that as a matter of law Torrans should have had judgment in the trial court for $5,250.00, or in any event for $5,000.00, because the proof referred to was the only evidence of value admitted before the trial court. The absence of other evidence of value, it is argued, excepts the value testimony here from the application of the general rule that testimony of interested parties and expert witnesses is not conclusive on the trier of facts. Support of this argument is read by Torrans into the following extract from the opinion in Joffre v. Mynatt (Tex.Civ.App.) 240 S.W. 319, N.R.E., to-wit:

"But appellee's case does not rest entirely on opinion testimony based upon comparison, but, in a material measure, on facts which, taken in connection with the opinion of the witnesses, together with other circumstances revealed by the case, were sufficient evidence to warrant a reasonable belief of the existence of the fact which the appellee sought to prove, to wit, that appellant executed the note sued on.
\* \* \*"

The argument advanced is that the value reached by the capitalization of net income method qualifies as "facts" and "other circumstances revealed by the case" which would deprive the judge in this instance of determining the credibility and weight of the testimony.

■ The appellants' point is not sustained. The capitalization theory is but another opinion as to value reached from a different approach. Such an opinion is not a circumstance of an independent factual nature contemplated by Joffre v. Mynatt. It should be noted, however, that there was considerable evidence before the trial judge showing the original cost, type of construction and materials used in the building, that it had been subjected through eighteen years to harsh and extraordinary use by reason of the high temperatures developed in operating the boiler installation, and in recent years had been poorly maintained and was in a rundown condition at the time of the damage. The evidence was ample to guide the judge in reaching his decision and his judgment reached in the exercise of the discretion lodged in him as trier of the facts is supported by sufficient evidence.

■ It is undisputed that the damage occurred on October 8, 1962, and the amount thereof is determinable by fixed rules of evidence and known standards of value. Interest from the date of injury at the legal rate of six per cent per annum should have been assessed as damages. Watkins v. Junker, 90 Tex. 584, 40 S.W. 11; Texas & N. O. R. Co. v. Dingfelder and Balish, Inc., 134 Tex. 156, 133 S.W.2d 967; Texas Company v. State of Texas, 154 Tex. 494, 281 S.W.2d 83; Dale Truck Line, Inc. v. R. & M. Well Servicing and Drilling Company (Tex.Civ.App., 1956), 286 S.W.2d 446, writ ref., n. r. e. The judgment of the trial court will be modified by allowing a recovery in the principal judgment and the judgment over of interest from the date of injury until the date of judgment.

The judgment of the trial court as modified is affirmed.