Jerry BECK, d/b/a Arlington Paint & Dry Wall, Appellant,

v.

H. Roger LAWLER, d/b/a Lawler Properties, Appellee.

H. Roger LAWLER, d/b/a Lawler Properties, Appellant,

v.

Jerry BECK, d/b/a Arlington Paint & Dry Wall, Appellee.

Nos. 16865, 16877.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 15, 1967.

Rehearing Denied Jan. 12, 1968.

McDonald, Sanders, Wynn, Ginsburg, Phillips & Maddox, and George F. Christie, Fort Worth, for appellant H. Roger Lawler, d/b/a Lawler Properties.

Bill Atkins, Arlington, for appellant Jerry Beck, d/b/a Arlington Paint and Dry Wall.

## OPINION

LANGDON, Justice.

Appellee Jerry Beck, a painting contractor, plaintiff below, sued appellant-defendant H. Roger Lawler (the parties hereinafter will be referred to as they appeared in the Trial Court) for $5,107.20, the balance allegedly due for painting and wallpapering the defendant's residence and an apartment project, for foreclosure of a statutory mechanic's lien on the apartment project, prejudgment interest from June 10, 1964, and attorneys' fees. Defendant contended that plaintiff had not properly and completely fulfilled his contracts with defendant, requiring defendant to hire another painting contractor to complete said contract on the apartments and house at a cost to defendant of more than plaintiff was suing for. Defendant further contend-

ed that plaintiff was not entitled to pre-judgment interest nor attorneys' fees because of the nature of the suit. After a jury trial, the Court entered judgment on the verdict for plaintiff in the amount of $5,107.20, and foreclosure of the mechanic's and materialmen's lien, but denied pre-judgment interest and denied attorneys' fees. Plaintiff appealed from that portion of the judgment disallowing interest and attorneys' fees and defendant has appealed from the judgment for plaintiff for $5,-107.20, which appeals are now docketed in this Court as Causes Nos. 16865 and 16887, respectively.

In early 1964, plaintiff and defendant entered into two separate agreements. Under the first agreement, plaintiff agreed to paint and wallpaper certain portions of defendant's residence in Dallas, Texas, and, under the other agreement, plaintiff agreed to paint and wallpaper defendant's apartment project in Arlington, Texas. There is no appeal from the portion of the judgment relating to the work on the residence.

Defendant contended that plaintiff had not completed his contract at the apartments substantially because there were different shades of paint on the outside of the apartments and some places were inadequately covered with paint, which required defendant to have the entire outside of the apartments repainted, at a cost to defendant of $3,052.05.

The case was submitted to the jury on a charge containing eight special issues. In answer to special issues Nos. 5 and 6, respectively, the jury found that the painting job done by the plaintiff on the apartment project was not performed in complete compliance but in substantial compliance with the terms of the contract in question.

Defendant in this appeal complains of the jury's answers to special issues Nos. 7 (conditioned on the "No" answer to issue No. 5) and 8, wherein the jury found respectively that no money would be required to rework the painting job done by plaintiff to complete compliance with the contract, and that defendant accepted plaintiff's apartment work. No complaint is made on this appeal as to the form or substance of the issues submitted.

■ Defendant complains that the jury's answers to each issue were not supported by the evidence, were supported by insufficient evidence and were contrary to the great weight and preponderance of the evidence.

There was evidence to the effect that the work on the apartment was approved and accepted on behalf of the defendant by one authorized to do so.

■ "The doctrine of substantial performance necessarily includes compensation for all defects which are not so slight and insignificant as to be safely overlooked on the principle of de minimis non curet lex." This language is part of a quote from 6 R.C.L., p. 969, found in the case of Atkinson v. Jackson Bros., 270 S.W. 848, 38 A.L.R. 1377 (Tex.Com.App., 1925).

The jury in the case at bar determined that the defects which constituted the difference between their findings of incomplete and substantial compliance were so slight as to require no additional costs for complete compliance.

The jury under the record in this case was not required to find that the sum of $3,052.05 expended by the defendants in changing the color of paint after approval and acceptance of the contract job on the apartment project represented the amount of money to remedy defects and omissions resulting from failure of the plaintiff to perform in complete compliance with the terms of the contract. The jury rejected this proposition and resolved the question against the defendants.

On the "no evidence" point of error we have viewed the evidence in its most favorable light in support of the findings of the jury upon which the judgment of the court is based, considering only the evidence and the inferences which support the findings

and rejecting the evidence and the inferences which are contrary to the findings. In the application of this test we have determined that all of the findings of the jury, upon which the court based its judgment, are supported by ample evidence.

Further, we have concluded from our study and examination of the entire record that the findings of the jury upon which the court based its judgment is not so contrary to the great weight and preponderance of the evidence as to be clearly wrong or unjust.

■ Jurors are the exclusive judges of the controverted issues of fact raised by the evidence, of the weight to be given the evidence, and the inferences to be drawn therefrom. They are the exclusive judges of the credibility of the witnesses. "The law does not attempt to tell jurors what amount or kind of evidence ought to produce a belief in their minds. They may believe a witness although he has been contradicted. They may believe the testimony of one witness and reject the testimony of other witnesses. They may accept part of the testimony of one witness and disregard the remainder." McCormick & Ray, Texas Law of Evidence, Vol. 1, § 3; Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365 (Tex.Com.App., 1923).

"The mere fact that a verdict is against the preponderance of the evidence will not authorize a reviewing court to set it aside, if there is some evidence to support it, or evidence that would support a verdict either way. The court of civil appeals will set aside the verdict and findings of a jury only in cases where they are so against such a preponderance of the evidence as to be manifestly unjust or clearly wrong, or where they show clearly that the finding or verdict was the result of passion, prejudice, or improper motive, or in such obvious conflict with the justice of the case as to render it unconscionable." 4 Tex.Jur.2d p. 395, § 838, and authorities cited therein.

"A jury finding on facts will not be set aside because it does not appear to be clearly right; it must appear to be clearly wrong before the appellate court will disturb it.

"The fact that the appellate court would not have found as the jury did is not the test to be applied on appeal. The true test is that made by the jury, on firsthand evidence, adduced before them from living witnesses whose credibility and the weight to be given their testimony were determinable by the jury. Where the jury's findings are in accord with the testimony of different disinterested witnesses, the fact that there is other testimony to the contrary does not authorize the appellate court to overturn the verdict. * * *" 4 Tex.Jur.2d 390, § 837, and authorities cited therein.

In the application of the rules of law and the authorities above referred to, we overrule all points of error raised by the defendant relating to the quantity or quality of the evidence supporting the findings of the jury upon which the Court based its judgment against the defendant, appellant herein.

We next consider the appeal of the plaintiff which is docketed as Cause No. 16865 in this Court and the defendant's motion to dismiss such appeal.

By two points of error the plaintiff contends that the Court erred in holding that pre-judgment interest was not recoverable from June 10, 1964 and in holding that attorneys' fee was not recoverable.

■ We agree with the plaintiff that whatever amount he was entitled to was due him on June 10, 1964, when his work was completed. On that date his claim under the agreement was fully matured. The conditions governing the measure of his recovery were fixed as of that date and plaintiff is entitled to interest from such date for the detention of the money due him. The fact that the amount of plaintiff's recovery could not be ascertained until after a trial of the cause does not affect his right to interest on the sum of $5,107.20 due on

June 10, 1964, subject to any off-set, or counterclaim which the defendant might have established. If this were not true then pre-judgment interest would not be recoverable in any case where a counterclaim is filed and the amount sought to be recovered was placed in doubt or reduced to an unliquidated claim. Watkins v. Junker, 90 Tex. 584, 40 S.W. 11 (1897), and Davidson v. Clearman, 391 S.W.2d 48 (Tex.Sup., 1965), in which Watkins v. Junker, supra, was cited. We do not construe the Davidson case as being applicable solely to cases based on quantum meruit. Certainly the same reasoning should apply with equal force to a case based on contract. See also H. B. Zachry Co. v. Ceco Steel Products Corp., 404 S.W.2d 113, 135 (Eastland Civ. App., 1966, ref. n. r. e.).

■ "The Texas courts recognize the difference between interest contracted for or required by statute and interest allowed as damages for the detention of money; but the later cases hold that interest of the last named sort is not allowed as a matter of discretion, but is due as a matter of law if the amount of recovery, whether under a contract or for a tort, depends on conditions existing at the due date, though unascertained and disputed till the time of the trial. In such cases interest is to be added as matter of law by the court in entering judgment on the verdict of the jury when it is certain the jury has not already included it. Watkins v. Junker, 90 Tex. 584, 40 S.W. 11; Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627; Texas & N. O. Ry. Co. v. Dingfelder & Balish, 134 Tex. 156, 133 S.W.2d 967; First State Bank v. Commercial State Bank, Tex.Civ.App., 34 S.W.2d 297; Taylor-Link Oil Co. v. Anderson, Tex.Civ.App., 92 S.W.2d 499; Harrison v. Barngrover, Tex.Civ.App., 118 S.W.2d 415; Joy v. Peacock, Tex.Civ.App., 131 S.W.2d 1012." City of Texarkana v. Arkansas Louisiana Gas Co., 5 Cir., 118 F.2d 289, p. 294. See also 14 Tex.Dig. "Damages" ☜68, p. 127; 17 Tex.Jur.2d

106, § 26; same text p. 108, § 28, and page 266, § 200.

"The statute providing for interest on sums due and payable under written contracts where no rate of interest is agreed on must be written into and considered a part of the contract. Hence, interest begins to accrue when a party withholds payment. The statute makes no distinction as to written contracts ascertaining the sum payable. * * *" 33 Tex.Jur.2d 85, § 14.

"Interest is defined by statute as the compensation allowed by law or fixed by the parties to a contract for the use or forbearance, or detention of money. Legal interest is that interest allowed by law when the parties to a contract have not agreed on any particular rate of interest. * * *" 33 Tex.Jur.2d 63, § 1.

In the case at bar the sum of $5,107.20 was admittedly due the plaintiff on June 10, 1964. His claim in that amount was fully matured on such date. The above amount did not include any interest nor did the jury include any interest. While the amount claimed was not in dispute it could not be definitely ascertained until the time of trial because of the counterclaim filed by the defendant claiming an amount in excess of the plaintiff's claim of $5,107.20.

Under the facts of this case interest should have been added by the court as a matter of law.

■ As to the second point raised by the plaintiff we are of the opinion that the court did not err in holding that attorneys' fees were not recoverable.

In Latham v. Dement, 409 S.W.2d 429, 434 (Dallas Civ.App., 1966, ref. n. r. e.), in an opinion by Chief Justice Dixon it was held: "We are of the opinion that appellant was not entitled to recover attorney's fees for another reason. Plaintiff's cause of action in suit No. 86,999–A was for dam-

ages for breach of a written building contract between appellant and appellees for the construction of a house for appellees. An award of attorney's fees is not proper in such a case. Parks v. Benson Co., Builders, Tex.Civ.App., 393 S.W.2d 700, 704 (ref. n. r. e.); Ford Motor Co. v. Davis Brothers, Inc., Tex.Civ.App., 369 S.W.2d 664, 668 (no writ hist.); Kirkwood & Morgan, Inc. v. Roach, Tex.Civ.App., 360 S.W.2d 173, 177 (ref. n. r. e.); Hicks et al. v. Smith, Tex.Civ.App., 330 S.W.2d 641, 647 (ref. n. r. e.); Meaders et al. v. Biskamp, 159 Tex. 79, 316 S.W.2d 75, 78."

In our opinion the above authorities, particularly Parks v. Benson Co., Builders, which involved a turnkey painting contract very similar to the one here involved, will support the action of the Court in its refusal to allow attorneys' fees. See also cases cited in 15 Tex.Jur.2d, § 44, and § 45 on pages 51 and 53, respectively, and cases cited therein.

All of the defendant's points of error in the appeal docketed as Cause No. 16887 in this Court complaining of the award of $5,107.20 to the plaintiff are overruled as is the defendant's motion to dismiss the appeal of the plaintiff docketed as Cause No. 16865 in this Court.

The plaintiff's point of error which attacks the Court's refusal to allow pre-judgment interest is sustained and the point complaining of the Court's action in holding that attorneys' fees were not recoverable is overruled.

Judgment is here rendered that the plaintiff recover of and from the defendant the sum of $5,107.20 plus interest thereon at the rate of 6% per annum from June 10, 1964, until March 10, 1967 (date of judgment) in the sum of $842.69, for a total sum of $5,949.89. This last amount shall draw interest at the rate of 6% from and after March 10, 1967.

Judgment is affirmed in part, reversed in part and rendered.