**Mrs. S. Taylor McDANIEL, Appellant,**

v.

**J. G. TUCKER, d/b/a Quality Construction Company, Appellee.**

**No. 929.**

Court of Civil Appeals of Texas, Corpus Christi.

March 13, 1975.

Harry H. Dobbs, Jr., Trimble & Dobbs, John J. Pichinson, Corpus Christi, for appellant.

Charles G. Lyman, Lyman & Sudduth, Corpus Christi, for appellee.

## OPINION

BISSETT, Justice.

This is a suit to recover money allegedly due under contracts for labor performed and materials furnished, or, in the alternative, for a recovery based on quantum meruit. Suit was instituted by J. G. Tucker on July 12, 1972. Following a jury trial, judgment was rendered on June 6, 1974 that plaintiff recover $9,613.76 (as damages) from defendant and that he recover the further sum of $3,204.58 (for attorney's fees) from her, together with 6% interest per annum on each of said amounts of money from date of judgment until paid. Mrs. McDaniel, defendant, has appealed from that judgment. Plaintiff, by a cross point, complains of the refusal by the trial court to allow him pre-judgment interest from October 1, 1971 on the said sum of $9,613.76. The parties will be henceforth referred to as "plaintiff" and "defendant", as they were in the trial court.

Defendant first contends that the trial court erred in permitting plaintiff to recover $9,613.76 as damages based on plaintiff's trial amendment because such amendment states a cause of action which is barred by the two year statute of limitations (Vernon's Tex.Rev.Civ.Stat.Ann., Art. 5526 and Art. 5539b).

Plaintiff, in his original petition, alleged that defendant, by a written contract dated August 11, 1970, employed him to repair certain properties (that were damaged by Hurricane Celia on August 3, 1970) on a cost plus 10% basis; that he performed under the contract; and that although defendant made some payments to him, there was still due him, under the contract, the sum of $11,143.29. In the alternative, he alleged that the labor done and the materials furnished defendant at her special instance and request were of the reasonable value of $11,143.29, and that the work done benefitted defendant and her properties in such amount. Plaintiff further alleged that he had theretofore made written demand of defendant for payment of the said sum of $11,143.29, but that she refused to pay any portion thereof. In addition to damages, plaintiff also prayed for interest on his damages, and for a reasonable attorney's fee.

Trial commenced on April 9, 1974. Thereafter, on April 11, 1974 and with leave of court first obtained, plaintiff filed a trial amendment, which read:

"The written contract referred to in his Original Petition was subsequent to the date thereof amended, changed and added to by verbal and oral contracts, agreements and understandings between Plaintiff and Defendant, particularly by way of adding additional properties and requiring Plaintiff not to accept any other contracting jobs and to devote his work and attention exclusively to Defendant's properties and that he be additionally and reasonably compensated therefor."

Defendant did not claim surprise, did not seek a postponement of trial, did not withdraw her amendment of ready, and did not file any written answer to the trial amendment, but defended the action solely on an oral denial of the allegations contained in the trial amendment, and on the defenses set up in her original answer, which consisted of special exceptions (not involved in this appeal), a general denial, and pleas

of offsets. In particular, defendant did not plead any statute of limitations as a defense to the action brought by plaintiff by way of the trial amendment.

■ It is well settled that a plea of limitation is an affirmative defense which must be pleaded specially in the trial court, or it is waived. Texas Rules of Civil Procedure, rule 94; Atkins v. Horne, 470 S. W.2d 229 (Tex.Civ.App.—Houston (14th Dist.) 1971, no writ); Naylor v. Gutteridge, 430 S.W.2d 726, 734 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); 37 Tex. Jur.2d, Limitation of Action, § 193. The defense of limitations may not be urged for the first time on appeal from the judgment of a district court. Mergele v. Houston, 436 S.W.2d 951 (Tex.Civ.App.—San Antonio 1968, writ ref'd n.r.e.); Berdoll v. Berdoll, 145 S.W.2d 227 (Tex.Civ.App.—Austin 1940, writ dism'd). Not having plead the statute of limitations against the cause of action brought by plaintiff in his trial amendment, defendant waived limitations as a defense, and cannot now urge the same.

Defendant next contends that the trial court erred in awarding plaintiff $3,204.58 as attorneys' fees because there is no evidence "to support presentment for collection of the debt", no "jury finding of presentment as required by Art. 2226, V. A.C.S.", and no evidence to show "reasonable attorneys' fees". None of the contentions have any merit.

Plaintiff, in attempting to acquaint defendant with the amount of money allegedly due him, furnished a copy of his records relating to the work done under the contract, which showed the debits and credits for labor, materials and services furnished by plaintiff in performing his contractual obligations to defendant plus 10% of the cost thereof. Defendant admitted that she received such records on May 10, 1972, which was more than 60 days before judgment was rendered. The records furnished defendant consist of 39 ledger sheets, are detailed, and contain entries beginning August 11, 1970 and ending September 13, 1971. A summary of the contents of the records concerning total debits, total credits, 10% of the cost of the work and the amount due plaintiff under the contracts appears on the last page of the records. That summary shows a total sum of $11,143.29 to be due. The furnishing of those records on May 10, 1972 constituted a presentment of the claim.

■ The records, above mentioned, were introduced in evidence by plaintiff without objection by defendant. Plaintiff testified that shortly after defendant made the last payment to him in September, 1971, he made demand upon defendant for the balance due and owing to him under the contracts, and that he talked with her attorney in October, 1971 with reference to the money due him, and that he furnished her attorney copies of certain requested records. We hold that the evidence conclusively shows that plaintiff specifically presented his claim to defendant for payment more than 30 days prior to the time that judgment was rendered, and that the claim was not paid or satisfied within 30 days from the date it was first presented. It was not necessary to submit the matter of presentment of the claim to the jury. Furthermore, the record does not reveal that defendant requested in writing and tendered such an issue to the trial court, as required by Tex.R.Civ.P. 279. Therefore, defendant cannot now complain that the matter of presentment of the claim was not submitted to the jury for determination.

■ Counsel for both plaintiff and defendant made the following stipulation in open court:

"It is stipulated and agreed by and between plaintiff and the defendant and the attorneys for the plaintiff and the defendant that as to any attorneys' fees which are legally collectible in this case, that a reasonable, usual and customary fee for the services of plaintiff's attorney would be one-third of the amount of any recovery by plaintiff. . . . "

The amount of attorney's fees ($3,204.58) allowed plaintiff by the judgment is exactly one-third of the amount of damages ($9,-613.76) recovered by him. The formula for calculating the amount of attorney's fees was agreed to by both parties in open court; therefore, no evidence as to whether such fees were reasonable was required to support the judgment. Attorney's fees are recoverable in this case under Tex.Rev. Civ.Stat.Ann. Art. 2226. Van Zandt v. Fort Worth Press, 359 S.W.2d 893 (Tex.Sup. 1962); Stafford v. Brennan, 498 S.W.2d 703 (Tex.Civ.App.—Corpus Christi 1973, no writ).

■ Moreover, defendant in her motion for new trial, made no complaint of the award of attorney's fees on the grounds asserted by her in this appeal. In that state of the record, she cannot assert those grounds for the first time in the appellate court. Tex.R.Civ.P. 320, 321, 322 and 334; Wagner v. Foster, 161 Tex. 333, 341 S.W. 2d 887 (1960).

Defendant also complains that the trial court erred in submitting Special Issue No. 2 to the jury, which inquired into the reasonable value of the service and labor personally done by plaintiff "which a cost-plus contractor would usually and customarily pay others to render and do", because it assumes that plaintiff did render such labor and services, and that it was a comment upon the weight of the evidence in failing to employ the words "if any". These points are not properly before us.

■ The transcript in this case does not contain any written objections to the court's charge, and the court's ruling and official signature endorsed thereon. The complaints relating to the submission of Special Issue No. 2 cannot be considered; there was no compliance with Tex.R.Civ.P. 272. See Long v. Smith, 466 S.W.2d 32 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.); City of Temple v. Thomas, 507 S.W.2d 858 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); Cody v. Mahone,

497 S.W.2d 382 (Tex.Civ.App.—San Antonio 1973, writ ref'd n.r.e.); Charter Oak Fire Insurance Company v. Perez, 446 S.W.2d 580 (Tex.Civ.App.—Houston (1st Dist.) 1969, writ ref'd n.r.e.).

■ Even if the points with respect to the submission of Special Issue No. 2 had been preserved for appellate review, they would have been overruled. The evidence was undisputed that plaintiff did render services and did perform labor which a cost-plus contractor would reasonably and customarily pay others to render and do. It is not error for the trial court, in charging the jury, to assume an uncontroverted fact. Missouri-Kansas-Texas Railroad Company v. Gage, 438 S.W.2d 879 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.); Hughes v. Belman, 239 S.W. 2d 717 (Tex.Civ.App.—Austin 1951, writ ref'd n.r.e.). Furthermore, the jury was instructed to answer the issue in the words: "Answer in dollars and cents, *if any*." (Emphasis supplied).

■ Defendant's point that the trial court erred by permitting plaintiff to file a trial amendment because it "states a new and different cause of action from that stated in plaintiff's original petition" was not preserved for appellate review. The point was not briefed. The brief does not contain any statement, argument or authorities under the point. The point was, therefore, waived. Jackson v. Jackson, 470 S.W.2d 276 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.); West Texas Utilities Company v. Bergstrom, 458 S.W.2d 548 (Tex.Civ.App.—Eastland 1970, writ ref'd n.r.e.).

■ The evidence in this case, in addition to supporting the judgment for $9,613.76 as damages for breach of contract, also supports that award on the basis of quantum meruit, which was plead by plaintiff in the alternative. The right to recover on quantum meruit does not grow out of a contract, but is independent of the contract. It is based upon the promises

implied by law to pay for beneficial services rendered and knowingly accepted. Davidson v. Clearman, 391 S.W.2d 48 (Tex.Sup.1965). Here the evidence conclusively shows that the labor and services were furnished and performed in the repair of defendant's properties, that they were beneficial to defendant and her properties, and that they were knowingly accepted by her.

We have read the record in its entirety. All of defendant's points have been considered and they are all overruled.

We now turn to plaintiff's cross point. As has been stated, the trial court refused to allow plaintiff pre-judgment interest on the money recovered by him as damages ($9,613.76). Plaintiff duly excepted to that action and brought the same up to this Court by way of cross point. The point is well taken.

Interest is defined by Tex.Rev. Civ.Stat.Ann. Art. 5069–1.01 as " . . . compensation allowed by law for the use or forbearance or detention of money . . . ." The "detention of money" arises where a debt has become due and the debtor withholds payment without having a right to do so. Parks v. Lubbock, 92 Tex. 635, 51 S.W. 322 (1899). Here, the undisputed evidence shows that plaintiff had fully performed the contracts on September 10, 1971.

The rule in Texas is that pre-judgment interest may be allowed as damages upon unliquidated demands, whether they arise out of breach of contract or out of a tort, when the principal damages are determinable and established at a definite time, either by rules of evidence or known standards of value. The Supreme Court set out the rule in Watkins v. Junker, 90 Tex. 584, 40 S.W. 11 (1897), as follows:

" . . . courts have recognized the fact that compensation for detention of that which is due on account of injury inflicted is an element of damages necessary to the complete indemnity of the injured party; and the courts have, by analogy, adopted the legal rate of interest fixed by statute as the standard by which to be governed in assessing damages for the detention of money . . . ."

\*   \*   \*   \*   \*   \*

" . . . in all cases where the measure of recovery is fixed by the conditions existing at the time that the injury is inflicted, the person entitled to recover has also the right to have compensation for the detention of the money to which he is entitled by reason of the wrong done to him . . . ."

The Supreme Court, more recently, in Texas Company v. State, 154 Tex. 494, 281 S.W.2d 83 (1955), and in Hayek v. Western Steel Company, 478 S.W.2d 786 (Tex. Sup.1972), reaffirmed the rule announced in Watkins v. Junker, supra, and allowed pre-judgment interest on the sum due as damages for the detention of money from the due date of a liability. The Court, in City of Corpus Christi v. Drought, 380 SW.2d 645 (Tex.Civ.App.—San Antonio 1964, writ ref'd n.r.e.), allowed pre-judgment interest on the basis of a recovery on quantum meruit. See also Ewing v. Wm. L. Foley, Inc., 115 Tex. 222, 280 S.W. 499 (1926); Texas Company v. State, supra; Texas & N. O. R. Co. v. Dingfelder & Balish, Inc., 134 Tex. 156, 133 S.W.2d 967 (Tex.Comm'n App.1939, opinion adopted).

The test is whether or not the measure of the recovery or claim, and not necessarily the amount of damages, is fixed by the conditions existing at the time the injury arose or was inflicted. If the measure is determinable at the time of the injury, interest is properly awarded from the time of the injury, and is added by the court to the amount of damages in rendering judgment. Reed v. Fulton, 384 S.W.2d 173 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.); Metal Structures Corporation v. Plains Textiles, Inc., 470 S.W.2d 93 (Tex.Civ.App.—Amarillo 1971, writ ref'd n.r.e.); Beck v. Lawler, 422 S.W.2d 816 (Tex.Civ.App.—Fort Worth 1967, writ

ref'd n.r.e.). In the case at bar, the measure of the recovery was determinable at the time the injury occurred, which was on September 10, 1971, when the work was completed.

Appellant's contention that plaintiff waived his right to interest as damages because he failed to request a jury issue relating to prejudgment interest (and to obtain a favorable finding on that issue) is without merit. See Watkins v. Junker, supra; Texas & N. O. R. Co. v. Dingfelder & Balish, Inc., supra. It was not necessary to submit such an issue in this case.

Plaintiff in his brief, asks this Court to "reform the judgment of the trial court so as to allow him pre-judgment interest at the rate of six (6%) percent per annum from October 1, 1971 to date of judgment on the amount of $9,613.76." Since the cause of action accrued on September 10, 1971, and as the evidence conclusively shows that as of that date plaintiff's principal damages were $9,613.76, we hold that the trial court erred in not allowing plaintiff pre-judgment interest thereon. However, in view of plaintiff's request, such interest shall commence to run on October 1, 1971, rather than on September 10, 1971. Plaintiff's cross point is sustained.

That portion of the judgment which denied plaintiff pre-judgment interest on his recovery of principal damages is reversed, and judgment is here rendered that plaintiff have and, recover from defendant interest at the rate of 6% per annum on $9,613.-76 from October 1, 1971 to June 6, 1974, which amounts to $1,546.20. Therefore, the judgment of the trial court is hereby reformed so as to provide that plaintiff recover from defendant, as damages, the sum of $11,159.96, with interest thereon from June 6, 1974, the date judgment was rendered, at the rate of 6% per annum until paid. The judgment in all other respects is affirmed.

The judgment of the trial court is reversed and rendered in part, is reformed in part, and as reformed, is affirmed.