**Garry E. ADAMS, Individually, and d/b/a Famous Carpet Mills, Appellant,**

v.

**Joe E. MARSH et ux., Appellees.**

**No. 5117.**

Court of Civil Appeals of Texas, Eastland.

Feb. 23, 1978.

Thomas L. Hooton, Dallas, for appellant.

Guy W. Hull II, Guy W. Hull II & Associates, Garland, for appellees.

WALTER, Justice.

Mr. and Mrs. Joe E. Marsh recovered a judgment in a nonjury trial removing cloud from title to their real estate caused by the recording of a purported affidavit for Mechanic's and Materialman's Lien by the defendant, Garry E. Adams. Plaintiffs also recovered $1,000.00 damages for slander of title. Adams has appealed.

In his findings of fact, the court found:

"3) that Defendant on the 27th day of January, 1975, filed in the office of the County Clerk of Dallas County, Texas, a document entitled *Affidavit for Mechanic's and Materialman's Lien* and that said document on its face showed it was signed by Defendant on the 22nd day of January, 1975, and notarized on same said date;

4) that there existed no prior written contract for services signed by Plaintiffs and Defendant;"

Adams contends the court erred in his findings of fact No. 3 for the reason Adams was not acting in his individual capacity when he signed the affidavit for the Mechanic's and Materialman's Lien but was acting in his capacity as president of Famous Carpet Mills, a corporation. The defendant in this case is Garry E. Adams and not Famous Carpet Mills. He also contends the court erred in not applying the two-year statute of limitations.

Adams did not plead the two-year statute of limitations. A plea of limitations is an affirmative defense which must be pleaded or it is waived. Rule 94, T.R.C.P.; *McDaniel v. Tucker,* 520 S.W.2d 543 (Tex. Civ.App.—Corpus Christi 1975, no writ).

The affidavit is signed as follows:

"s/ Gary Adams
Claimant
By s/ Thomas Hooton Attorney
SUBSCRIBED AND SWORN TO BEFORE ME on this date 22nd day of January, 1975.
s/ Sunny S. Wilson
Notary Public in and for
Dallas County, Texas"

The only evidence in this record that Adams was acting for the corporation and not in his individual capacity comes from Adams who is an interested witness. The general rule is that the testimony of an interested witness does no more than raise an issue of fact. There are exceptions to this rule which do not apply because the documentary evidence contradicts Adams' testimony. *Cochran v. Wool Growers Central Storage Co.,* 166 S.W.2d 904 (Tex.1942).

We hold there is evidence of probative value which supports the court's finding of fact No. 3.

We have considered all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.