DENTA RAMA, INC. et al., Appellants,

v.

LAVASTONE INDUSTRIES OF CENTRAL TEXAS, INC., Appellees.

No. 20230.

Court of Civil Appeals of Texas, Dallas.

March 25, 1980.

Robert D. Akers, Garrett & Burkett, Fort Worth, for appellants.

Gary J. Campbell, Kennedy, Minshew, Evans, Campbell & Cain, Sherman, for appellees.

Before GUITTARD, C. J., and AKIN and STOREY, JJ.

AKIN, Justice.

This is an appeal from an award of prejudgment interest and attorney's fees in a suit on sworn account[1] based on the provision and installation of Lavastone rock, an artificial stone veneer, on an office building. Appellant does not attack the underlying judgment for the labor and materials furnished but asserts that the award of attorney's fees and prejudgment interest was improper because appellee's demands for payment prior to suit were in excess of the agreed price for the Lavastone installation. Appellant also contends that a tender of the amount actually due was not required because it established that such a tender would have been refused. Because these contentions lack merit, we affirm.

Appellee, a sub-contractor, and appellant, the prime contractor for construction of an office building, had entered into a contract for the installation of a Lavastone rock veneer on a building. The contract price was $3.27 per square foot with square footage to be determined by measuring the stone in place at the completion of the installation. The contract required payment and written notice of any dispute within ten days after the receipt of the final billing. The contract also provided for 10% interest on amounts not paid when due, and reasonable attorney's fees.

After completion of the Lavastone installation, employees of both parties signed an instrument specifying the amount of Lavastone to be 2,622 square feet. Appellee's final bill was based on this square footage and a price of $3.42 per square foot, fifteen cents more than the agreed price. The $3.42 amount was based on a mistaken belief by appellee that the stone had been installed over metal studs rather than wood. Also, it was subsequently discovered that the square footage determination was erroneous and only 2,471 square feet of stone was installed. Based on a correction of these errors at trial, the actual amount awarded in the judgment to appellee was $886 less than the amount demanded in its final bill.

Appellant contends that it sent a letter informing appellee of the mistakes and the reasons for its delay in payment. Appellee responds that it never received the letter nor any other notice that appellant contested the amount due under the final bill. Nevertheless, it is undisputed that appellant never tendered payment of any amount to appellee. At trial appellant did not contest its liability but disputed only the amount of appellee's claim. Upon an adverse judgment awarding prejudgment interest and attorney's fees to appellee, this appeal followed.

We address first appellant's contention that tender by appellant would have been refused by appellee and thus no tender was necessary so as to prevent an award of

---

1. Although suit was brought upon a sworn account, a written contract existed covering the work. No complaint is predicated upon this fact.

prejudgment interest and attorney's fees. The general rule is that a tender by the debtor of the amount due prevents recovery of prejudgment interest as long as the tender is effective. *Keystone Pipe & Supply Co. v. Zweifel*, 127 Tex. 392, 94 S.W.2d 412, 415 (1936). Appellant relies on an exception to this rule which it contends is applicable to both prejudgment interest and attorney's fees. In this respect, appellant argues that where a creditor makes a demand in excess of the amount owed and refuses to accept a lesser amount in payment of the debt, no tender is required. *Warrior Constructors, Inc. v. Small Business Investment Co. of Houston*, 536 S.W.2d 382 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).[2] Appellant contends that it falls within this exception because the evidence established that even if the tender had been made, it would have been refused. We cannot agree.

The evidence relied upon by appellant to show that a tender would have been refused if it had been made, is testimony of appellee's president and its attorney to the effect that appellant was insisting on payment of the entire amount claimed. We hold that this evidence does not excuse appellant from tendering the amount due in order to avoid prejudgment interest and attorney's fees. In all of the cases upon which appellant relies, the creditor not only sought more than that to which he was entitled but also unequivocally informed the debtor by words or acts that no lesser payments would be accepted. Testimony that appellee was insisting on payment of the entire amount is not equivalent to evidence that a tender of the correct amount due would have been refused. Indeed, tender of the correct amount due along with an explanation that the bill was incorrect, might have caused appellee to discover its mistake, thus obviating the need for this litigation. Appellee introduced evidence to show that they insisted on payment of the entire amount demanded only because it thought that sum was the correct amount due. Thus appellant did not establish that a tender of the correct amount owed would have been refused.

Appellant cites several cases in support of his position that he has shown that a tender in the instant case would have been refused. In all of these cases the issue was whether the tender would have been refused if the correct amount of the debt had been offered. Upon a showing that a refusal was imminent, the tender was excused because the law does not require the debtor to perform a useless act. In *Warrior Constructors*, 536 S.W.2d at 386, a tender would have been useless because the creditor sent two letters stating that "no less than the complete payment of the total unpaid balance of principal, interest, and attorney's fees will be accepted." In *Kinzbach Tool Co. v. Corbett-Wallace Corp.*, 138 Tex. 565, 160 S.W.2d 509 (1942) the creditor demanded installment payments of $2,500 but $1,500 installment payments were actually owed. After actual tender and refusal of the first $1,500 installment, the court held that tender as to subsequent installments was excused because the creditor obviously would have accepted no less than $2,500. In *Kriegel v. Scott*, 439 S.W.2d 445 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n. r. e.), no tender was required because defendant refused after several requests to specify the amount that plaintiff would have had to pay to satisfy the debt. In *Ada Oil Co. v. Logan*, 447 S.W.2d 205 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ) no tender of the amounts due under a service station lease were required prior to a suit on the lease because defendant seized the service station without giving plaintiff five days notice as required by the lease. Thus

---

**2.** Neither party contends that there is a distinction between the standards for recovery of prejudgment interest and for attorney's fees. Since the basis under which the attorney's fees were awarded is Tex.Rev.Civ.Stat.Ann. art. 2226 (Vernon Supp.1980), which specifically provides that it is to be liberally construed, we do not necessarily agree that there is no distinction. However, since the parties have not raised this question, we do not consider it here. Consequently, the award of prejudgment interest and attorney's fees are reviewed under the same standard.

plaintiff had no opportunity to tender the amounts owed.

 Appellant next contends that tender was excused because the evidence here shows an excessive amount was demanded by appellee. We hold that a demand for more than the amount ultimately found to be due is not necessarily so excessive so as to deprive the creditor of prejudgment interest and attorney's fees. In the cases cited by appellant to support his position that the demand here was excessive, the creditor was seeking amounts to which he was not entitled under circumstances which showed a lack of good faith. In *Collingsworth v. King*, 155 Tex. 93, 283 S.W.2d 30 (1955), the plaintiff refused an actual tender because he demanded a ten percent collection fee on the note upon which he sought recovery, although the note provided no basis for such a fee. In *Ingham v. Harrison*, 148 Tex. 380, 224 S.W.2d 1019, 1022 (1949), the plaintiff sought $3,200 for "extras" to which he was clearly not entitled and refused to allow a $1,000 credit for an amount he knew had been paid. In *Warrior Constructors v. Small Business Investment Company of Houston*, 536 S.W.2d at 385, the plaintiff sought the entire $50,000 amount of the defendant's partial guarantee on a note even though plaintiff had accepted $25,000 from the defendant and agreed to credit that amount against the defendant's liability.

In this case, the evidence shows that appellee sought amounts to which he was not entitled, but it does not show that he did so in bad faith. It shows rather that the demand in the case at bar exceeded recovery because of two mistakes. One of them, the initial determination of square footage, even though erroneous, was agreed to in writing by appellant. The slight overcharge in price was based on a mistaken belief that metal studs, rather than wooden studs, had been used. There is evidence, however, that this mistake was never called to appellee's attention. Because these facts would support the conclusion that the amount demanded was made in good faith,

we cannot hold as a matter of law that the demand was excessive.

Affirmed.