J.M. HOLLIS CONSTRUCTION CO.,
INC., and Trinity Universal Insur-
ance Company, Appellants,

v.

PAUL DURHAM COMPANY, Appellee.

No. 2357cv.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Glenn H. Steele, Jr., William C. Boyd, Patterson, Boyd, Lowery & Aderhold, P.C., Houston, for appellants.

Jed Robinson, Robinson & Stephens, Houston, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a judgment entered in favor of a subcontractor on the basis of the jury findings in a construction contract case. Defendants-appellants are J.M. Hollis Construction Company, Inc. (Hollis) and Trinity Universal Insurance Company (Trinity), the surety under the Payment Bond. Plaintiff-appellee Paul Durham Company (Durham) filed suit against appellants to recover money remaining due on his subcontract for dirt work on a Houston Independent School District project. Appellant Hollis was the general contractor. Under the contract, Durham was to do certain earthwork pertaining to site preparation. The contract itself was oral and provided that Durham was to complete his contract within 60 days, for a total price of $66,557.00. Durham began work on the contract on July 3, 1972, and, as was the custom in the industry, he submitted invoices to Hollis based on the percentage of work he had completed. Hollis, in turn, would pay these invoices, retaining 10%. This retainage was to be paid upon completion of the job.

During the course of the contract several problems arose, resulting in subcontractor Durham removing his equipment and manpower from the job site. When Durham left, approximately 98% of the contract had been completed, and approximately $20,000.00 was remaining due to Durham on the contract. After Durham left, Hollis, hired another subcontractor to finish the job and deducted $13,000.00 for completion against the amount due on Durham's contract. Hollis then tendered $7,000.00 (the remaining balance under the contract) to Durham, which Durham refused. Durham then filed the present lawsuit against appellants, seeking $20,370.08. This figure represented the remaining unpaid balance of the $66,000.00 contract, less $1,331.14, which represented 2% of the total contract price, which

356

Durham deducted for his estimated cost of completion of the job. Trial was to a jury, and judgment was entered in accordance with the jury findings for Durham to recover from Hollis and Trinity jointly and severally $20,037.30, plus prejudgment interest.

■ In points of error three through six, appellants contend that the evidence is insufficient as a matter of law or that it is against the great weight and preponderance of the evidence as to the jury's finding of substantial performance and the reasonable cost of completing Durham's contract. In reviewing insufficient and against the great weight and preponderance of the evidence points, we must consider and weigh all of the evidence, including any evidence contrary to the trial court's judgment. *Burnett v. Motyka,* 610 S.W.2d 735 (Tex. 1980); Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L. Rev. 359 (1960).

■ In order to review the evidence of substantial performance under this guideline, the following summary of facts is necessary. During the trial, testimony was presented by various witnesses as to Durham's attempts to complete the work in accordance with the contract. It was shown that Durham had enough equipment and manpower on the job. It was also shown that the weather was a major factor in determining when the work could be done. There was testimony which also showed that part of Durham's delays could be attributed to appellants' blocking the natural drainage on the project. There was also evidence indicating that some of the delays were occasioned by appellant's engineers not showing up when specified or improperly staking the area. Durham had to depend on these engineers before he could proceed with his work. When Durham left, he estimated that the job was 98% complete.

The only evidence contrary to substantial performance showed that Durham contracted with appellant Hollis to complete his portion of the job within 60 days. It took him 18 months. The oral contract between the parties did not address any bad weather

extentions, and even if it did, Hollis himself only received 200 days of bad weather extension.

In reviewing all of the evidence under the above stated legal guidelines, we conclude that the jury's finding that Durham substantially performed the contract is supported by the evidence and is not against the great weight and preponderance of all of the evidence. We further hold that the jury could have determined in answering this special issue that Durham, while not completing the contract in 60 days, did complete the contract as soon as was possible. The evidence was such that the jury was entitled to find that several of Durham's delays were caused by appellant's company. We overrule appellants' third and fourth points of error.

With regard to appellants' contention that the jury finding as to the reasonable cost of completing Durham's contract was against the great weight and preponderance of the evidence or insufficient as a matter of law, the following summary of facts is important. Durham testified that when he left the job it was 98% finished. This testimony as to the percentage of completion was not directly controverted. Mr. Durham testified that, based upon this 98% completion figure, the cost of completing the contract should have been between $1,000—$2,000. Durham estimated that there was about two or three days' work remaining. His calculations were based on the cost of equipment, insurance and manpower for the two or three days' work.

The evidence contrary to this was presented by Hayes Hamilton, appellants' witness. Mr. Hamilton was also a subcontractor on the job and the contractor who finished Durham's job. Hamilton testified that the invoices submitted for his cost included costs for doing "new work," "redo" work attributable to engineering mistakes, and "completion" work on Durham's contract. Hamilton stated that he did not know what percentage of work remained to be done on Durham's contract when he took over, but that "the biggest part of the work was done." He further testified that while

doing the completion work, he was also doing his own work and, in fact, devoting most of his time to his contract. Mr. Hamilton's invoices, which were offered into evidence, did not break down the costs of the completion work and the cost of work done on his own contract. The jury's finding of the cost of completion is not against the great weight and preponderance of the evidence, nor is it insufficient as a matter of law. Appellants' fifth and sixth points of error are overruled.

▮ Appellants contend that the trial court erred in awarding Durham prejudgment interest. We disagree. Interest is properly allowed as damages for wrongful detention of money due in this type of case. *Phillips Petroleum Co. v. Stahl Petroleum Co.*, 569 S.W.2d 480, 486 (Tex.1978); *Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897). It is not necessary that the amount due be ascertained at the due date so long as the measure of damages can be fixed by the conditions existing at the time of injury and the amount can be readily ascertainable by a court under fixed rules of evidence and known standards of value. *Watkins v. Junker*, supra; *Davidson v. Clearman*, 391 S.W.2d 48 (Tex.1965); *Beck v. Lawler*, 422 S.W.2d 816 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.); *Williams v. Roberts*, 621 S.W.2d 427 (Tex.Civ.App.—San Antonio 1981, no writ); *Imperial Sugar Co. v. Torrans*, 604 S.W.2d 73 (Tex.1980). In such circumstances, recovery of interest as damages from the date of injury is a matter of right. *Imperial Sugar Co. v. Torrans*, supra; *Watkins v. Junker*, supra.

Durham's claim was fully matured on December 10, 1973, thirty days from the date Durham submitted his invoice. This was the agreed date for payments under the contract. The conditions governing the measure of his recovery were fixed at that time. The jury found that the contract was substantially performed when Hollis released Durham from the project. The fact that the amount of Durham's recovery was not ascertainable until all of the evidence was in during the course of the trial does not affect his right to prejudgment interest

on the sum wrongfully retained. *Beck v. Lawler*, supra.

▮ Appellants next claim that Durham did not have sufficient pleadings to support a judgment for interest as damages. It is the rule that one who seeks interest, as damages and not eo nomine via contract or statute, must ask for it specifically or include it in the aggregate amount sought. *Gulf States Paint Co. v. Kornblee Co.*, 390 S.W.2d 356 (Tex.Civ.App.—Texarkana 1965, writ ref'd n.r.e.). Durham did, in fact, ask for prejudgment interest in a pleading denominated "supplemental petition." Appellants assert that this was not sufficient because plaintiff's supplemental pleadings are supposed to contain only matters *in reply* to allegations brought by the defendant. Rule 80, T.R.C.P. We are not persuaded that the mislabeling of Durham's pleadings should affect the validity of its claim for prejudgment interest. Appellants did not complain to the trial court, by special exception or otherwise, of any defects in Durham's pleadings. They do not claim that they were surprised or misled by plaintiff's pleadings. In the absence of special exceptions, the courts will liberally construe the pleadings in favor of the pleader. Appellants have waived their right to complain of a defect. See Rule 90, T.R.C.P.; *Yeager Electric and Plumbing v. Ingleside Cove Lumber and Builders, Inc.*, 526 S.W.2d 738 (Tex.Civ.App.—Corpus Christi 1975, no writ).

▮ Appellants also contend that Hollis' tender to Durham of $7,914.10 in settlement of the contract was effective to stop the accrual of interest from the date of the tender. Generally, a valid tender of the amount due will defeat a claim for interest on the obligation accruing after the tender. *Denta Rama, Inc. v. Lavastone Industries of Central Texas, Inc.*, 597 S.W.2d 507 (Tex.Civ.App.—Dallas 1980, no writ). Where the obligor, in good faith, insists that the payee is justly indebted to him, and makes a reasonable and good faith offer of the amount owed, with offset of the obligor's demand against the payee, the offer is sufficient tender to prevent interest from accruing.

33 Tex.Jur.2d *Interest* § 6 at 70, 71 (1962); *Edson & Hamm, Inc. v. Murray,* 285 S.W. 659 (Tex.Civ.App.—Beaumont 1926, no writ). However, a partial tender will not prevent the accrual of interest. 33 Tex. Jur., supra, at 71. In the case cited by appellants, the obligor's tender was *greater* than the actual amount due. See *Robberson Steel, Inc. v. J.D. Abrams, Inc.,* 582 S.W.2d 558 (Tex.Civ.App.—El Paso 1979, no writ). It was appellants' burden to show that Hollis' tender was reasonable and in good faith. We cannot say as a matter of law that it was. Points of error one and two are overruled.

■ Appellants contend in their seventh point of error that the trial court erred in awarding judgment against Trinity Universal Insurance Company in the principal amount of $20,037.30 because the letter notice sent by Durham to Trinity claimed only the amount of $15,564.48. Appellants argue that the amount claimed in the notice sent by Durham to Trinity estoppes Durham from recovering more than claimed. Upon viewing the record, we find that the demand letter sent to Trinity did state that the amount being claimed was $15,564.48, including $6,389.46 in retainage. However, the attached invoices and sworn statement of account claimed $6,389.46 for retainage, plus the additional $15,564.48.

Under Tex.Rev.Civ.Stat.Ann. art. 5160 (1967), a subcontractor is required to state in his notice of claim the "amount due therefor". After such notice has been sent, and if the claim remains unpaid at the expiration of 60 days, the subcontractor may sue the principal and/or the sureties under the payment bond jointly or severally for the amount due on the balance either at the time of filing the claim or upon institution of suit.

Generally, strict compliance with this statute is essential to recovery on the bond. *Barfield v. Henderson,* 471 S.W.2d 633 (Tex. Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). However, since this statute is remedial in nature, the strict compliance requirement goes to the giving of notice and the time requirements under the statute. It has been said:

"If a statute is curative or remedial in its nature, the rule is generally applied that it be given the most comprehensive and liberal construction possible. It certainly should not be given a narrow, technical construction which would defeat the purpose for which the statute was enacted." *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (Tex.1951). *United States Fidelity & Guaranty Company v. Parker Brothers & Company,* 437 S.W.2d 880 (Tex.Civ.App.—Houston [1st Dist.] 1969, writ ref'd n.r.e.).

In the present case, to hold that Durham could not recover the full amount of the judgment granted against Trinity because the notice letter only claimed $15,564.48 would be to give the statute a technical construction, and would defeat its intended purpose.

Furthermore, the statute provides that the principal and surety may be sued jointly or severally for the amount due on the balance thereof unpaid at the time of filing the claim or at the *institution of suit.* At the time of the suit in this case, $20,370.08 was owing. Appellant's seventh point of error is overruled.

Durham brings a cross-point alleging error in the trial court's failure to award him attorney's fees against Trinity. According to Durham, this failure was caused by the trial court's misunderstanding of the two stipulations about attorney's fees entered by the parties.

■ The stipulations in the record indicate a possible conflict. They include: 1) that a reasonable attorney's fee for Durham's claim against Trinity is $5,000.00; and 2) that neither Hollis nor Durham is entitled to attorney's fees for their claims against each other on their contract.

Tex.Rev.Civ.Stat.Ann. art. 5160 subd. B (Vernon 1971) allows a claimant who has complied with the statute to:

". . . sue the principal and the surety or sureties on the Payment Bond *jointly or severally* for the amount due on the balance thereof unpaid at the time of filing

the claim or of the institution of the suit *plus reasonable attorneys' fees;"* (emphasis added)

We hold that the second stipulation operated to release Hollis from any liability for attorney's fees to Durham as the stipulation stated.

■ We must point out, however, that a release of one joint and several obligor does not serve to release another joint and several obligor. Upon recovery on his claim (absent the stipulation), Durham was entitled to reasonable attorney's fees from Hollis and Trinity jointly or severally, under article 5160. Durham's release of Hollis on the claim for attorney's fees does not benefit Trinity.

Appellants maintain that Durham has waived its right to appeal the attorney's fees issue by failing to move for a new trial. Appellants reason that the trial court would have to receive evidence on the issue. Rule 324, T.R.C.P. The appellants overlooked, however, the fact that the above mentioned stipulations were already in the record. Facts indicating Durham's compliance with article 5160 were also stipulated on the record. Durham established its right to the attorney's fees stipulated as reasonable by prevailing on its claim and by complying with the statute. We, therefore, sustain the cross-point and hold that Durham was entitled under the statute to recover the stipulated attorney's fees from Trinity.

All points of error have been carefully considered and are overruled. The cross-point is sustained. The judgment of the trial court is accordingly modified to include recovery by Durham against Trinity of attorney's fees in the stipulated amount of $5,000.00.

The judgment of the trial court as modified is AFFIRMED. Rule 434, T.R.C.P.