NO. 07-00-0175-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 23, 2001
_____

HOXIE IMPLEMENT CO., INC,

Appellant

v.

JIM BAKER, INDIVIDUALLY AND D/B/A BAKER HARVESTING,

Appellee
_____

FROM THE 84th DISTRICT COURT FOR HANSFORD COUNTY;

NO. 4281; HON. WILLIAM D. SMITH, PRESIDING
_____

***ON SECOND MOTION FOR REHEARING***
_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Pending before the court is the second motion for rehearing filed by Jim Baker, individually and d/b/a Baker Harvesting.  Several issues are asserted but only one necessitates comment.  It involves the proposition that we should not have ordered him to pay interest on the amount due Hoxie Implement Company under the open account.  This is allegedly so because he had tendered payment of the amount due.  We disagree.

Generally, tendering to one's creditor the amount owed bars the further accrual of interest. *J.M. Hollis Const. Co. v. Paul Durham Co.*, 641 S.W.2d 354, 357 (Tex. App.–Corpus Christi 1982, no writ); *see Churchill v. Russey*, 692 S.W.2d 596, 598 (Tex. App.–Fort Worth 1985, no writ) (stating that the tender of both principal and accrued interest stopped the accrual of further interest). However, tendering a part of the debt does not. *J.M. Hollis Const. Co. v. Paul Durham Co.*, 641 S.W.2d at 358.

Here, Baker tendered payment of the open account approximately 14 months after the debt became due payable. Furthermore, the amount of his cashier's check reflected solely the outstanding principal. It did not include the interest which Hoxie was entitled to recover by statute. TEX. FIN. CODE ANN. §302.002 (Vernon Supp. 2001) (permitting a creditor to charge and receive from the obligor legal interest at the rate of six percent per annum when a rate has not been agreed upon by the parties). Consequently, the check encompassed only a partial payment of the debt, which payment was ineffective to bar further accrual of interest.[1]

Accordingly, we overrule Baker's second motion for rehearing.

Brian Quinn
Justice

Publish

---

[1] To the extent that *Johnson-Walker Mov. & Storage, Inc. v. Lane Container Co.*, 548 S.W.2d 500 (Tex. Civ. App. Eastland 1977, writ ref'd n.r.e.) suggests that the debtor need only tender the principal due, we do not find it controlling for several reasons. First, in *Johnson*, the creditor accepted the tender of the principal; here, Hoxie did not because it failed to include interest. Second, irrespective of how the interest is categorized, *eo nomine* or otherwise, it remains a sum to which the creditor is entitled and which the debtor must pay if demanded by the creditor. So, refusing to pay legitimately accrued interest cannot logically be considered full payment of the debt, as contemplated by *J. M. Hollis* and *Churchill*.

2