Affirmed and Memorandum Opinion
filed July 27, 2010

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00567-CV



David Quartaro, Appellant 

v.

Strategic
Outsourcing, Inc., Appellee 



On Appeal from
the County Civil Court at Law No. 3

Harris County, Texas

Trial Court
Cause No. 896,407



 

MEMORANDUM OPINION 

David
Quartaro appeals the trial court’s judgment awarding Strategic Outsourcing,
Inc. (“Strategic”), prejudgment interest as well as attorney’s fees.  Quartaro
argues because he made an offer or tender in good faith to Strategic and
Strategic refused the offer, the trial court erred in granting Strategic
prejudgment interest and attorney’s fees.  We affirm.  

I

            In
2004, Strategic hired Quartaro to work in its Houston office.  In September
2005, Quartaro entered into an agreement with Strategic titled “Agreement to
Repay Advance on Wages” in which Quartaro promised to repay Strategic $9,000 in
wage advances.  In his motion to modify the trial court’s judgment, Quartaro
alleges he left Strategic’s employment on January 15, 2006.  Of the $9,000,
Quartaro had only paid back $375.  Seeking to collect the outstanding debt,
Strategic hired United Commercial Collections, Inc., to contact Quartaro and collect
the unpaid debt from him.  The debt-collection agency was unsuccessful in
collecting the debt.  In his motion to modify as well as in his briefs and
during oral argument, however, Quartaro claims he offered to pay Strategic what
he believed he owed, but Strategic continuously rejected his offers.   

            On
June 18, 2007, Strategic filed suit against Quartaro for the unpaid wage advances,
totaling $8,625, as well as for money Strategic claimed it overpaid Quartaro
during his employment, totaling $16,354.18.  After hearing the evidence in a
bench trial, the court awarded Strategic $7,036.41 in actual damages,
prejudgment interest in the amount of $767, and attorney’s fees in the amount
of $2,800.[1] 
Quartaro then filed a motion to modify the final judgment, which the trial
court denied.  This appeal followed.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                               

II

            Quartaro
claims that he offered to repay the amount he owed Strategic before the case
went to trial, but Strategic rejected his offer.  Quartaro contends that the
trial court erred in awarding Strategic prejudgment interest because
prejudgment interest does not accrue during the time period in which a
settlement offer may be accepted.  His offer, therefore, tolled the accrual of
prejudgment interest.  In response, Strategic contends that the trial court did
not err because Quartaro never made an unconditional offer or a tender of any kind. 
Strategic argues that the only potential evidence Quartaro offered regarding a
settlement was an email that stated he needed to talk to someone at Strategic
about arranging a payment plan, but he neither followed up nor paid any
money.     

            The
primary purpose of awarding damages in civil cases has always been to
compensate the injured plaintiff, rather than to punish the defendant.  City
of Houston v. Texas Land & Cattle Co., 138 S.W.3d 382, 391 (Tex.
App.—Houston [14th Dist.] 2004, no pet.).  Thus, the purpose of prejudgment
interest is to compensate a party for the lost use of money due as damages
during the lapse of time between the accrual of the claim and the date of
judgment.  Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.,
962 S.W.2d 507, 528 (Tex. 1998); Texas Land & Cattle Co., 138 S.W.3d
at 388–89.  Another purpose of prejudgment interest is to encourage
settlements.  See Texas Land & Cattle Co., 138 S.W.3d at
389.  

There
are two legal bases for prejudgment interest: (1) an enabling statute and (2)
general principals of equity.  Johnson & Higgins of Tex., Inc., 962
S.W.2d at 528; Texas Land & Cattle Co., 138 S.W.3d at 388.  “The
enabling statute, Texas Finance Code section 304.104, only applies to wrongful
death, personal injury, and property damage cases.”  Citizens Nat’l Bank v.
Allen Rae Invs., Inc., 142 S.W.3d 459, 487 (Tex. App.—Fort Worth 2004, no
pet.); see Tex. Fin. Code Ann. § 304.102 (Vernon 2006) (“A judgment in
wrongful death, personal injury, or property damage case earns prejudgment
interest.”).  Here, Quartaro contends that Strategic’s claim is not one within
the confines of the Texas Finance Code’s enabling statute, but rather is governed
by common law.[2] 
An award of equitable or common-law prejudgment interest is within the trial
court’s discretion.  Kurtz v. Kurtz, No. 14-08-00351-CV, 2010 WL
1293769, at *11 (Tex. App.—Houston [14th Dist.] Apr. 6, 2010, no pet.) (mem.
op.); Citizens Nat’l Bank, 142 S.W.3d at 487; see Larcon Petroleum,
Inc. v. Autotronic Sys., Inc., 576 S.W.2d 873, 879 (Tex. App.—Houston [14th
Dist.] 1979, no writ).  A trial court abuses its discretion if its decision is
“‘arbitrary, unreasonable, and without reference to guiding principles.’”  Goode
v. Shoukfeh, 943 S.W.2d 441, 446 (Tex. 1997) (quoting Mercedes-Benz
Credit Corp. v. Rhyne, 925 S.W.2d 664, 666 (Tex. 1996)); see Marsh v.
Marsh, 949 S.W.2d 734, 744 (Tex. App.—Houston [14th Dist.] 1997, no writ). 

 Quartaro
argues that the evidence of his offer or tender to Strategic is in emails he
attached to his motion to modify the trial court’s final judgment.  Assuming
the attachments constitute admissible evidence, the record contains a series of
emails between Quartaro and an employee of United Commercial Collections, Inc.—the
debt-collection agency.  In his first email dated March 10, 2006, Quartaro
claims the “only balance I am aware of is the advance on future commissions
that was given to me in the months of September, October, and November of 2005
. . . totaling $9,000.”  Quartaro stated he paid $375 of the $9,000, so he only
owed the remaining $8,625.  On July 14, 2006, the debt-collection employee
explained to Quartaro that the matter had not moved forward, the amount
Strategic was seeking—$26,567.77—was “sound,” and Strategic wanted a response
from Quartaro.  The debt-collection employee continually sent emails asking for
a response.  In a letter dated August 14, 2006, the debt-collection employee stated,
“If there is an offer then I would encourage you to make it.”  On August 15,
2006, Quartaro responded, “I will pay back the advance [Strategic] gave me in
September, October, and November of 2005.  The remaining balance owed is
$8,625.  I will need to talk to someone at [Strategic] to arrange a payment
plan.”      

In
his briefs, Quartaro relies on three cases for the proposition that “a
principle of common law provides that the running of prejudgment interest is
tolled to the extent and during the time that the obligor makes and keeps open
an offer to settle the claim.”  See, e.g., J.M. Hollis Constr. Co. v.
Paul Durham Co., 641 S.W.2d 354, 357 (Tex. App.—Corpus Christi 1982, no
writ); Robberson Steel, Inc. v. J.D. Abrams, Inc., 582 S.W.2d 558, 565
(Tex. Civ. App.—El Paso 1979, no writ); Edson & Hamm, Inc. v. Murray,
285 S.W. 659, 661–62 (Tex. Civ. App.—Beaumont 1926, no writ).  Quartaro argues
that the Beaumont court of appeals in Edson & Hamm, Inc. v. Murray
held that if a debtor, in good faith, makes a reasonable and good faith offer
of the amount owed to the creditor, then the offer is sufficient tender to
prevent any prejudgment interest from accruing.  285 S.W. at 662.  Comparatively,
however, the Texas Supreme Court has stated that if a debtor tenders the
amount due to the creditor, then the creditor is prevented from recovering
prejudgment interest as long as the tender is effective.  Keystone Pipe
& Supply Co. v. Zweifel, 127 Tex. 392, 94 S.W.2d 412, 415 (1936), overruled
on other grounds, Tex. Co. v. State, 154 Tex. 494, 281 S.W.2d 83
(1955).  A tender is an unconditional offer by a debtor to pay another a sum
not less in amount than that due on a specified debt.  Baucum v. Great Am.
Ins. Co. of New York, 370 S.W.2d 863, 866 (Tex. 1963).  A valid and legal
tender of money consists of the actual production of funds to pay the amount
due.  Id.  The debtor must relinquish actual possession of the funds
under such circumstances as to enable the person to whom the money is tendered,
without special effort on his part, to acquire possession of the money.  Id. 
The cases Quartaro cites discussing an offer being a sufficient tender are not
binding precedent on this court.  We agree with the supreme court that a
sufficient, effective, or legal tender involves “actual production of funds”;
hence, Quartaro’s alleged offer is not a tender.            

In
addition to contending his offer tolled any prejudgment interest, Quartaro also
leans heavily on what he portrays as Strategic’s refusal of the alleged offer. 
During oral argument Quartaro focused on Denta Rama, Inc. v. Lavastone
Industries of Central Tex., Inc., for the proposition that if a debtor can
present evidence that a creditor refused the debtor’s tender or would refuse a
debtor’s tender, then the debtor does not have to make an actual tender to
prevent the creditor’s recovery of prejudgment interest and attorney’s fees.  597
S.W.2d 507, 509 (Tex. Civ. App.—Dallas 1980, no writ); see also Kinzbach
Tool Co. v. Corbett-Wallace Corp., 138 Tex. 565, 160 S.W.2d 509, 514 (1942)
(explaining that no actual tender is required if the creditor has signified in
advance that he will refuse any money from the debtor).  This is an exception
to the abovementioned rule requiring a tender.    See Denta Rama, 597
S.W.2d at 509.  

In
Denta Rama, the appellant challenged the trial court’s award of
prejudgment interest and attorney’s fees to the appellee on the basis that the
appellee would have refused the appellant’s tender.  Id.  The appellant
claimed there were mistakes in the appellee’s invoice, so the appellant did not
want to pay the appellee the full amount it demanded.  Id.  The
appellant argued it would have paid what it believed was due to the appellee,
but the appellee would have refused the appellant’s offer.  Id.  To show
that tender would have been refused, the appellant offered the testimony of the
appellee’s president and attorney regarding the appellee’s insistence on
payment of the entire amount it demanded.  Id.  After reviewing the
evidence, the court found the evidence insufficient to demonstrate that the
appellee would have refused a tender.  Id.  

Here,
while Quartaro claims Strategic refused his offer, the record is void of
evidence of a refusal.  According to the emails in the record, and assuming
Quartaro’s emails comprised an “offer,” Strategic sought $26,567.77, and
Quartaro’s last offer was $8,625. There is simply no evidence in the record
that Strategic would have rejected Quartaro’s last alleged offer if Quartaro
had tendered it to Strategic.  We cannot conclude that the trial court’s
decision was an abuse of discretion because Quartaro never tendered any money
to Strategic, and there is no evidence Strategic would have refused Quartaro’s
potential tender.  Accordingly, we overrule Quartaro’s first issue.           

III

Quartaro’s
attorney’s-fee argument is similar to his prejudgment-interest argument.  He claims
that the trial court erred in awarding attorney’s fees because he offered to
repay the advanced wages and kept the offer open until trial.  He asserts that
his open offer was “sufficient to satisfy the defense of section 38.002 [of the
Texas Civil Practice and Remedies Code] against attorney’s fees.”  Strategic contends
that it is entitled to attorney’s fees.  Strategic argues that the trial court
did not err because Quartaro never made an unconditional offer, payment, or
tender of any kind, which Strategic argues is required under the statute.           

Both
Quartaro and Strategic agree Strategic was eligible to receive attorney’s fees
under chapters 38.001 and 38.002 of the Texas Civil Practice & Remedies
Code if Strategic met all the statutory requirements.  In Texas, the award of
attorney’s fees to a plaintiff recovering on a valid contract claim is
mandatory under section 38.001 if there is proof of the reasonableness of
attorney’s fees.  Graybar Elec. Co., v. LEM & Assocs., L.L.C., 252
S.W.3d 536, 549 (Tex. App.—Houston [14th Dist.] 2008, no pet.); see Tex.
Civ. Prac. & Rem. Code Ann. § 38.001(8) (Vernon 2008) (describing that chapter
38.001 allows a party to recover attorney’s fees from the opposing party if the
claim is for an oral or written contract).  Chapter 38.002 Texas Civil
Practices & Remedies Code states: 

To recover attorney’s fees under this chapter: (1) the
claimant must be represented by an attorney; (2) the claimant must present the
claim to the opposing party or to a duly authorized agent of the opposing
party; and (3) payment for the just amount owed must not have been tendered
before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem.
Code Ann. § 38.002 (Vernon 2008).  In a bench trial, it is within the trial
court’s discretion to set the amount of attorney’s fees, but the court does not
have discretion to refuse to grant attorney’s fees if the fees are proper under
section 38.001.  Graybar Elec. Co., 252 S.W.3d at 549.  We review a trial
court’s award of attorney’s fees for an abuse of discretion.  Broesche v.
Jacobson, 218 S.W.3d 267, 277 (Tex. App.—Houston [14th Dist.] 2007, pet.
denied).  

Here,
Quartaro does not dispute the amount of attorney’s fees that the trial court
awarded to Strategic; he disputes the award altogether.  Quartaro argues that in
accordance with chapter 38.002(3), he “made a truly unconditional tender of the
amount for which the trial court ultimately found that he was liable.”  As
previously stated, a tender is an unconditional offer by a debtor to pay
another a sum not less in amount than that due on a specified debt.  Baucum,
370 S.W.2d at 866.  Generally, if a debtor tenders a payment, the payment must
include everything the creditor is entitled to, and anything less is
ineffective.  Oyster Creek Fin. Corp. v. Richwood Invs. II, Inc., 176
S.W.3d 307, 320 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).  In Staff
Industries, Inc. v. Hallmark Contracting, Inc., the creditor claimed the
debtor owed it $99,524.45, but the debtor tendered a check to the creditor for only
$53,119.71.  846 S.W.2d 542, 548 (Tex. App.—Corpus Christi 1993, no writ).  On
the back of the check, the debtor wrote, “Endorsement constitutes payment in
full of PO 270-003.”  Id.  The creditor refused the tender, and
after the bench trial, the court awarded the creditor $53,119.71, plus both
prejudgment interest and attorney’s fees.  Id. at 545.  The debtor
challenged the award of attorney’s fees claiming his proper tender was a
defense to the creditor’s recovery of attorney’s fees.  Id. at 548.  The
Corpus Christi court of appeals held that the debtor’s offer was conditional
upon the creditor relinquishing any claim for a higher amount; therefore, it
was an offer to settle the dispute for a lesser amount.  Id. at 549. 
The court concluded that an offer to settle was not equivalent to an
unconditional tender because “an offer to settle for a lower amount would
deprive the plaintiff of his right even to seek the higher amount.”  Id.;
see also Giannakopoulos v. Eris, No. 14-08-00566-CV, 2010
WL 431273, at *3 n.3 (Tex. App.—Houston [14th Dist.] Feb. 9, 2010, no pet.) (mem.
op.) (discussing the holding in Staff Industries, Inc.).                   

            Quartaro’s
argument is flawed for two reasons.  First, Quartaro failed to “relinquish
actual possession of the funds” to Strategic, so he did not tender anything to
Strategic.  See Baucum, 370 S.W.2d at 866.  Second, at best
Quartaro only made a potential settlement offer to Strategic, which does not
constitute an unconditional offer to pay the creditor everything to which it is
entitled.  See Staff Industries, Inc., 846 S.W.2d 542 at 549.  Thus,
we cannot conclude the trial court abused its discretion in awarding Strategic
attorney’s fees.  Accordingly, we overrule Quartaro’s second issue.                

 

 

 

*
* *

For
the foregoing reasons, we affirm the trial court’s judgment.

 








                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Sullivan, and Christopher.

 









[1]
Quartaro and Strategic agree that in reaching the final-judgment amount, the
trial court subtracted or offset from the judgment what Strategic owed Quartaro
in commission fees—$1,588.59.  





[2]
Courts have rejected the argument that the enabling statute in the Texas
Finance Code applies to all common-law cases and not just to wrongful death,
personal injury, or property damage cases.  See Johnson &
Higgins, Inc., 962 S.W.2d at 530; de la Garza v. de la Garza, 185
S.W.3d 924, 928 (Tex. App.—Dallas 2006, no pet.); Head Indus. Coatings &
Servs., Inc. v. Md. Ins. Co., 981 S.W.2d 305, 311 (Tex. App.—Texarkana
1998, pet. denied).